### FRANK GARRETT v. SAMUEL BRANT.

MANURE IS A FIXTURE, BUT HAY AND STRAW ARE GENERALLY TREATED AS CHATTELS.

Manure made on a farm is, at the common law, classed as a fixture; but with respect to hay and straw, they are not, as a general rule, classed as such, although it is common practice in leasing farms to expressly covenant that they shall be treated as if in the same category; but in the absence of such express covenant, they retain their character as chattels, and may be removed by the tenant at the expiration of his term.

APPEAL from Lorain common pleas court.

E. G. & H. C. Johnson and Q. A. Gillmore, for plaintiff.

J. F. Wilson and Metcalf & Cinniger, for defendant.

## HENRY, J.

This is an appeal from the Lorain county common pleas court. Plaintiff rented defendant a farm, September 1, 1902, for a term ending November 1, 1905, by written lease providing among other things that "the straw and manure is to be used on the farm." Later they quarreled, and a written "settlement" was executed by the parties June 4, 1904, stipulating that the term should end December 1, 1904;

that meanwhile defendant shall "conduct the farm as provided in the lease," "in a husbandlike manner;" that he should "harvest his crops or remove the same on or before December 1, 1904," and that "this settlement shall take the place of said lease." This agreement has been carried out, but the defendant on quitting the premises threatened to take the straw with him, and plaintiff brought this action to enjoin his doing so.

The case turns wholly on the construction of the writings. At common law manure made on a farm is a fixture, and it is common practice in leasing farms to covenant expressly that hay and straw shall be treated as if in the same category, in order to preserve the fertility of the soil by returning these products untimately to the ground from which they have sprung.

Without such a covenant hay and straw are of course not fixtures. The covenant in the original lease on this subject is not free from doubt. Instead of providing that the straw shall be left on the premises, it stipulates that it shall be used on the premises. If the lease terminated in the spring the question would be less uncertain. The contract of settlement moreover expressly abrogates the lease, except as to the manner in which defendant shall conduct the farm. It stipulates nothing as to his duty when the time comes for him to cease conducting the farm, except that he is to harvest his crops or remove the same on or before December 1, 1904. It is manifest that the tenant could not well use all the straw on the farm before that date, and his right to remove it then is not so clearly overruled by the writings in evidence that we can enjoin him from so doing. He had the right to remove the straw unless the parties had expressly agreed otherwise. This we find they failed to do in the final agreement. The petition is therefore dismissed.

**Marvin and Winch, JJ.,** concur.